## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **YETI COOLERS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 1:16-cv-1283** |
| **vs.** | § | |
| | § | **COMPLAINT FOR DAMAGES AND** |
| | § | **INJUNCTIVE RELIEF** |
| **ONTEL PRODUCTS CORPORATION** | § | |
| **and WORLD PACK USA, LLC,** | § | **Jury Trial Demanded** |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## PLAINTIFF YETI COOLERS, LLC'S ORIGINAL COMPLAINT

Plaintiff YETI Coolers, LLC ("YETI"), by and through its undersigned counsel, as and for its Complaint against Defendants Ontel Products Corporation ("Ontel") and World Pack USA, LLC ("World Pack," and together with Ontel, "Defendants"), hereby alleges as follows:

### NATURE OF THE CASE

1.      This is an action for: (I) federal trademark and trade dress infringement under 15 U.S.C. § 1125(a); (II) federal trademark and trade dress dilution under 15 U.S.C. § 1125(c); (III) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (IV) trademark dilution under TEX. BUS. & COM. CODE § 16.103; (V) trademark and trade dress infringement under Texas common law; (VI) unfair competition under Texas common law; (VII) misappropriation under Texas common law; and (VIII) unjust enrichment.

2.      This action is based on Defendants' willful, knowing, persistent, and unauthorized use of YETI's famous YETI Rambler Trade Dress (as hereinafter defined) in connection with

**ORIGINAL COMPLAINT**

Defendants' manufacture, importation, sale, and advertisement of an imitation, knock-off insulated drinkware product.

## THE PARTIES

3.     Plaintiff YETI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 5301 Southwest Parkway, Suite 200, Austin, Texas 78735.

4.     Upon information and belief, defendant Ontel is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

5.     Upon information and belief, defendant World Pack is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 2880 North Lamb Boulevard, Las Vegas, Nevada 89115.

## JURISDICTION AND VENUE

6.     The claims for federal trademark and trade dress infringement, trademark and trade dress dilution, and unfair competition and false designation of origin asserted in Counts I-III *infra*, arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 *et seq*.  Therefore, this Court has subject matter and original jurisdiction over Counts I-III pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7.     The claim for trademark dilution asserted in Count IV *infra*, arises under the Texas Business and Commerce Code, namely, TEX. BUS. & COM. CODE § 16.103, and is so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy.  Therefore, this Court has subject matter jurisdiction over Count IV pursuant to 28 U.S.C. § 1367(a).

**ORIGINAL COMPLAINT**                    - 2 -

8.     The claims for common law trademark and trade dress infringement, unfair competition, misappropriation, and unjust enrichment in Counts V-VIII *infra*, arise under the common law of the State of Texas, and are so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy.  Therefore, this Court has subject matter jurisdiction over Counts V-VIII pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9.     In the alternative, this Court has subject matter and original jurisdiction over all Counts asserted herein, pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between YETI and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     This Court has personal jurisdiction over Defendants, pursuant to § 302(a)(1) of the Texas Business and Commerce Code, because Defendants solicit business within the State of Texas (including this judicial district), including, but not limited to, the use, advertising, marketing, promoting, distribution, offering for sale, and/or sale of products that infringe YETI's famous YETI Rambler Trade Dress.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because the claims alleged in the Complaint arose, in part, in this District, YETI's principal place exists in this District, and because this Court has personal jurisdiction over Defendants in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I.     YETI's Business and the YETI Rambler Trade Dress**

     **a.  YETI's Business**

12.     Founded in 2006, YETI is an industry leader in the insulated drinkware marketplace.

**ORIGINAL COMPLAINT**          - 3 -

13.     YETI's insulated drinkware products are highly regarded and well-received by consumers in the United States for their excellent craftsmanship, high-quality, and signature style.

14.     As a result of its products' quality and unique designs, YETI's insulated drinkware products have achieved extraordinary success in brand recognition and market penetration.   In fact, unsolicited national media often refer to YETI's insulated drinkware products as "must have" products, and the company's insulated drinkware products are among the "nation's fastest growing products for outdoor enthusiasts."

**b.   YETI Rambler Trade Dress**

15.     For several years, YETI has created, and extensively and continuously used, unique, non-functional designs as source identifiers of its sought after drinkware products, and, in particular, in connection with its highly acclaimed 30 oz. insulated tumbler called the "YETI Rambler" (the "YETI Rambler Tumbler") (shown below).



| Side View of the YETI Rambler Tumbler | Top View of the YETI Rambler Tumbler |
| --- | --- |

16.     YETI has trade dress rights in the YETI Rambler Tumbler (the "YETI Rambler Trade Dress"), including, but not limited to, the visual flow of the YETI Rambler Tumbler; the curves, tapers, and lines in the YETI Rambler Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI Rambler Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI Rambler Tumbler; the style, design, and appearance of design aspects of the YETI Rambler Tumbler; the design and appearance of the walls of the YETI Rambler Tumbler; the design and appearance of the rim of the YETI Rambler Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI Rambler Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI Rambler Tumbler; the design, appearance, and placement of the style line around the base of the YETI Rambler Tumbler; the design, appearance, and placement of the tab on the lid of the YETI Rambler Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI Rambler Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI Rambler Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI Rambler Tumbler; the color contrast and color combinations of the YETI Rambler Tumbler and the tumbler lid on the YETI Ramble Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI Rambler Tumbler.

17.     The YETI Rambler Trade Dress is non-functional.

18.     YETI has invested substantial effort and resources into developing and promoting its YETI Rambler Tumbler and YETI Rambler Trade Dress.

**ORIGINAL COMPLAINT**            - 5 -

19.     Through YETI's consistent and extensive use of the YETI Rambler Trade Dress, the design has become a well-known indicator of the origin and quality of the YETI Rambler Tumbler.

20.     This investment has yielded impressive dividends in fame and recognition, including recognition of its valuable and famous YETI Rambler Trade Dress.

21.     YETI has enjoyed significant sales of the YETI Rambler Tumbler throughout the United States, including sales to customers in the state of Texas.

22.     The strength and recognition of the YETI Rambler Trade Dress is evident from the considerable amount of unsolicited media attention acknowledging YETI's prominent use of such a non-traditional design, with unsolicited media often referring to the YETI Rambler Tumbler to be the most sought after gift for the 2015 holiday season, and the product has remained extraordinarily popular throughout 2016.  True and correct copies of examples of such unsolicited media attention are attached hereto as **Exhibit "A."**

23.     As a result of these efforts, YETI has achieved valuable goodwill and secondary meaning in its YETI Rambler Trade Dress.

24.     Further, as a direct result of the considerable time, effort, money, advertising and promotion of its YETI Rambler Trade Dress, the trade dress has become well known, distinctive and famous.

25.     Consequently, the YETI Rambler Trade Dress represents a valuable asset for YETI.

**II.     Defendants and Defendants' infringement of the YETI Rambler Trade Dress**

      **a.  Defendants' Business**

26.     On its website, Defendant Ontel states:

**ORIGINAL COMPLAINT**                - 6 -

> We strive to develop solution-oriented products that have mass
> appeal and improve the quality of people's lives. Our eyes and ears
> are always open for the next great idea, and we consistently
> develop and innovate on our existing product lines to make them
> even better.

A true and correct copy of the Ontel website's "about us" webpage is attached hereto as **Exhibit "B**."

27.    Upon information and belief, however, Ontel, and co-Defendant, World Pack USA, are known "knockoff artists."

28.    As alleged in several other prior and pending lawsuits against Defendants, Ontel and World Pack's business model is to identify popular products sold by others, and then use inexpensive overseas manufacturing and inferior quality materials to manufacture low-priced knockoffs bearing identical or confusingly similar trademarks and trade dress, and other violations of brand owners' intellectual property rights.

29.    In fact, collectively, Defendants have been sued nearly a dozen times for trademark infringement and other intellectual property rights violations.

30.    Most recently, on July 11, 2016, Defendants were sued for trademark infringement, among other claims, in connection with products sold on Defendants' website <www.buyeverbrite.com>.  *See Everbrite, LLC v. Ontel Products Corp., et al.*, No. 2:16-cv-04180 (KM) (MAH) (D.N.J.).

31.    Defendants have an established history of frequently violating the intellectual property rights of others, all while Defendants manufacture, import, sell, and advertise their inferior products to the unsuspecting public.

**ORIGINAL COMPLAINT**                    - 7 -

AUS:704727.1

**b.  Defendants' Infringement of the YETI Rambler Trade Dress**

32.     Upon information and belief, with full knowledge of YETI's ownership and use of the YETI Rambler Trade Dress, Defendants copied and used elements of the YETI Rambler Trade Dress on and in connection with its insulated drinkware product called the "Rocky Mountain Tumbler" (the "Rocky Mountain Tumbler" or the "Infringing Product").

33.     As shown by the side-by-side comparison below, the Infringing Product bears an identical design as the YETI Rambler Trade Dress.

| The "Rocky Mountain Tumbler" | The YETI Rambler Tumbler |
|---|---|



34.     Upon information and belief, Ontel primarily sells the Infringing Product through its website, <https://www.buyrockymountain.com>.

35.     Upon information and belief, World Pack processes, fulfills, and/or administers orders for the Infringing Product placed through the <www.buyrockymountain.com> website, and through the toll-free phone number(s) displayed in internet and television advertising.  A true and correct copy of Defendants' website is attached hereto as **Exhibit "C."**

**ORIGINAL COMPLAINT**                    - 8 -

36.     Upon information and belief, World Pack ships units of the Infringing Product to customers located throughout the United States and its territories, including Texas.

37.     Additionally, the <www.buyrockymountain.com> website instructs customers to email "turboscrubcs@worldpackusa.com" for customer service, and World Pack's website further provides fulfillment and shipping information via the webpage <http://ontel.worldpackusaorderstatus.com>.   Upon information and belief, both the email address and the webpage are owned and administered by World Pack.   True and correct copies of these webpages are attached hereto as **Exhibit "D."**

38.     Upon information and belief, the foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce.

39.     Upon information and belief, Defendants engage in substantial activity in Texas and this District.   Examples of Defendants' activity include that Defendants' website offering for sale of the Infringing Product reaches into Texas, including in this District.

40.     Upon information and belief, Defendants have relied, and will continue to rely, on YETI's existing goodwill, consumer recognition, and marketing, promotion, and advertising of the YETI Rambler Tumbler so that Defendants can enhance the sales of their infringing product.

41.     YETI has not authorized, licensed or otherwise condoned or consented in any way to Defendants' use of the YETI Rambler Trade Dress.

42.     YETI has no control over the nature, quality or pricing of the goods or services provided by Defendants using the YETI Rambler Trade Dress.

43.     YETI's YETI Rambler Trade Dress had acquired secondary meaning among the relevant consuming public and had become well known, distinctive, and famous before Defendants' sale of the Infringing Product commenced.

44.     Defendants' use of the YETI Rambler Trade Dress is likely to dilute the distinctive quality of the famous YETI Rambler Trade Dress, and to decrease the capacity of that mark to identify and distinguish YETI's products and services, and is likely to cause harm to YETI's business reputation.

45.     Defendants' use of the YETI Rambler Trade Dress in connection with a competing insulated drinkware product is likely to cause consumer confusion as to the source or affiliation of those products.

46.     Defendants' conduct complained of herein has been done and is done with the intent to cause confusion, mistake or deception as to the source or affiliation of the parties' respective products.

47.     Defendants have misappropriated YETI's substantial property rights in the YETI Rambler Trade Dress, as well as the substantial goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over YETI, and permit Defendants to enjoy the interest and marketing power of the YETI Rambler Trade Dress, and cause substantial harm to unsuspecting public that are likely to purchase Defendants' inferior product, believing the Infringing Product to originate from, or associated with, YETI.

48.     Further, if Defendants are permitted to continue using, promoting, marketing, advertising, distributing and selling insulated drinkware using the YETI Rambler Trade Dress, its actions will continue to cause irreparable injury to YETI, to the distinctiveness of the YETI Rambler Trade Dress, and to the goodwill and business reputation associated with the YETI Rambler Trade Dress.

## COUNT I

*(Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a))*

49.     YETI repeats and re-alleges paragraphs 1 through 48 of the Complaint as though set forth fully herein.

50.     The YETI Rambler Trade Dress is non-functional.

51.     The YETI Rambler Trade Dress is unique and distinctive as to the source of YETI's YETI Rambler Tumbler, and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.  The YETI Trade Dress is entitled to protection under both federal and common law.

52.     Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' products (including, but not limited to, the Infringing Product), without YETI's consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their products, are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

53.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from its unauthorized use of the YETI Rambler Trade Dress to which it is not entitled in law or equity.

54.     Upon information and belief, the acts of Defendants alleged in paragraphs 1 through 53 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI.

55.     Upon information and belief, Defendants' acts and conduct complained of herein constitute federal trademark and trade dress infringement in violation of 15 U.S.C. § 1125(a).

56.     YETI has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the YETI Rambler Trade Dress unless restrained by law.

57.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

## COUNT II
*(Federal Unfair Competition and False Designation of Origin*
*Under 15 U.S.C. § 1125(a))*

58.     YETI repeats and re-alleges paragraphs 1 through 57 of the Complaint as though set forth fully herein.

59.     The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of YETI's YETI Rambler Tumbler, and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.  The YETI Trade Dress is entitled to protection under both federal and common law.

60.     Defendants' acts and conduct as described *infra* are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that the Infringing Product is either YETI Rambler Tumbler or that the Infringing Product originates from or is somehow connected to or associated with YETI and/or YETI's famous YETI Rambler Trade Dress, such as being put out or sponsored by the same party.  Such acts constitute unfair competition, at least because Defendants have obtained an unfair advantage as compared to YETI, through its use of the YETI Trade dress to falsely designate the origin, affiliation or sponsorship of Defendant and the Infringing Product.

**ORIGINAL COMPLAINT**                        - 12 -
AUS:704727.1

61.     Upon information and belief, the acts of Defendants alleged in paragraphs 1 through 60 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI.

62.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their use of the YETI Rambler Trade Dress in the United States, to which they are not entitled in law or equity.

63.     Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

64.     YETI has suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition and false designation, including, but not limited to, the diversion of sales from YETI to Defendants, and/or a lessening of the goodwill associated with the YETI Rambler Trade Dress.

65.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

## COUNT III
### *(Federal Trade Dilution Under 15 U.S.C. § 1125(a))*

66.     YETI repeats and re-alleges paragraphs 1 through 65 of the Complaint as though set forth fully herein.

67.     The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of YETI's YETI Rambler Tumbler, and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.  The YETI Trade Dress is entitled to protection under both federal and common law.

**ORIGINAL COMPLAINT**                         - 13 -

68. The YETI Rambler Trade Dress is widely recognized by the general public and has acquired fame throughout the United States, entitling it to protection from federal trademark dilution.

69. Defendants' use of the YETI Rambler Trade Dress began after the YETI Rambler Trade Dress became distinctive and famous.

70. Defendants' use of the YETI Rambler Trade Dress without authorization from YETI, is likely to dilute the distinctive quality of the YETI Rambler Trade Dress, and to decrease the capacity of that mark to identify and distinguish YETI's products, and is likely to cause harm to YETI's business reputation.

71. Upon information and belief, the acts of Defendants alleged in paragraphs 1 through 70 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI.

72. Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

73. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

74. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**ORIGINAL COMPLAINT**          - 14 -

## COUNT IV

*(Trademark and Trade Dress Dilution Under TEX. BUS. & COM. CODE § 16.103)*

75.     YETI repeats and re-alleges paragraphs 1 through 74 of the Complaint as though set forth fully herein.

76.     The YETI Rambler Trade Dress is non-functional.

77.     The YETI Rambler Trade Dress is unique and distinctive as to the source of YETI's insulated YETI Rambler Tumbler, and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

78.     Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the YETI Rambler Trade Dress has become and continues to be famous and distinctive throughout the State of Texas.

79.     Defendants' use of the YETI Rambler Trade Dress began after the YETI Rambler Trade Dress became distinctive and famous.

80.     Defendants' use of the YETI Rambler Trade Dress without authorization from YETI, is likely to dilute the distinctive quality of the YETI Rambler Trade Dress, and to decrease the capacity of that mark to identify and distinguish YETI's products, and is likely to cause harm to YETI's business reputation.

81.     Upon information and belief, the acts of Defendants alleged in paragraphs 1 through 80 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

82.     The aforesaid acts of Defendants constitute trademark dilution in violation of the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103.

83.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.  YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least TEX. BUS. & COM. CODE § 16.104.

## COUNT V
*(Trademark and Trade Dress Infringement Under Texas Common Law)*

84.     YETI repeats and re-alleges paragraphs 1 through 83 of the Complaint as though set forth fully herein.

85.     The YETI Rambler Trade Dress is non-functional.

86.     The YETI Rambler Trade Dress is unique and distinctive as to the source of YETI's insulated YETI Rambler Tumbler, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

87.     YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

88.     Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Product without YETI's consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or

**ORIGINAL COMPLAINT**          - 16 -

affiliates of YETI, or that Defendants, their activities, and/or their Infringing Product are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

89.     Upon information and belief, Defendants used, and presently use, the YETI Rambler Trade Dress in the State of Texas, without YETI's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition YETI has established in the YETI Rambler Trade Dress.

90.     Upon information and belief, Defendants made, and will continue to make, substantial profits and gain from its unauthorized use of the YETI Rambler Trade Dress to which it is not entitled in law or equity.

91.     Upon information and belief, the acts of Defendants alleged in paragraphs 1 through 90 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

92.     Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark and trade dress infringement in violation of the common law of the State of Texas.

93.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

94.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**ORIGINAL COMPLAINT**              - 17 -

## COUNT VI

*(Unfair Competition Under Texas Common Law)*

95.     YETI repeats and re-alleges paragraphs 1 through 94 of the Complaint as though set forth fully herein.

96.     The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of YETI's insulated YETI Rambler Tumbler, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

97.     YETI created The YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

98.     YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

99.     Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Product constitutes a false and misleading representation of fact because Defendants are not affiliated or associated with, endorsed or sponsored by, or otherwise connected to YETI or YETI's famous YETI Rambler Tumbler.

100.     Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Product is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their Infringing Product are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

**ORIGINAL COMPLAINT**                         - 18 -

101.    Upon information and belief, Defendants used, and presently use, the YETI Rambler Trade Dress without YETI's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition YETI has established in the YETI Rambler Trade Dress, and sow consumer confusion between the parties' and their products.

102.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from its unauthorized use of the YETI Rambler Trade Dress to which it is not entitled in law or equity.

103.    Upon information and belief, Defendants' misappropriation of the YETI Rambler Trade Dress have been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

104.    Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of Texas.

105.    As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT VII
### (*Misappropriation Under Texas Common Law*)

106.    YETI repeats and re-alleges paragraphs 1 through 105 of the Complaint as though set forth fully herein.

107.    The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of YETI's insulated YETI Rambler Tumbler, and has acquired secondary meaning

across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

108.    YETI created The YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

109.    YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

110.    Defendants have wrongfully used the YETI Rambler Trade Dress in competition with YETI and gained an unfair advantage, because Defendants were not burdened with the expenses incurred by YETI.

111.    Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

112.    Upon information and belief, Defendants' misappropriation of the YETI Rambler Trade Dress have been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

113.    Upon information and belief, Defendants' acts and conduct complained of herein constitute misappropriation in violation of the common law of the State of Texas.

114.    Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**ORIGINAL COMPLAINT**                    - 20 -

115.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT VIII
### (*Unjust Enrichment*)

116.     YETI repeats and re-alleges paragraphs 1 through 115 of the Complaint as though set forth fully herein.

117.     The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of YETI's insulated YETI Rambler Tumbler, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

118.     YETI created the products covered by the YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

119.     Defendants' advertisement, promotion, offers for sale, sales, and/or distribution of the Infringing Product, in direct competition with YETI and the YETI Rambler Tumbler, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

120.     Defendants have wrongfully used and are wrongfully using the YETI Rambler Trade Dress in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for its own business and products.

121.     Upon information and belief, Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the

**ORIGINAL COMPLAINT**                              - 21 -

similarity of the Infringing Product to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

122.    Upon information and belief, Defendants' acts and conduct complained of herein constitute unjust enrichment.

123.    Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

124.    As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, YETI prays for judgment against Defendants as follows:

A.      A Declaration that Defendants have infringed YETI's YETI Rambler Trade Dress;

B.      An Order, pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Infringing Product) that infringes YETI's YETI Rambler Trade Dress;

C.      An Order permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any act of unfair competition and trademark dilution utilizing any mark or designation identical or confusingly similar to YETI's YETI Rambler Trade Dress;

D.      An Order directing Defendants to remove the YETI Rambler Trade Dress, or any colorable imitation(s) thereof, from all of Defendants' products (including, but not limited to, the Infringing Product), as well as any other websites or promotional materials, whether electronic, printed or otherwise, under Defendants' direct or indirect dominion and control;

E.      An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery, and destruction of each good within Defendants' possession, custody, and control that infringes YETI's exclusive rights in and to the YETI Rambler Trade Dress;

F.      An Order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on YETI's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.      An Order directing an accounting to determine Defendants' profits resulting from its unlawful activities;

H.      An Order awarding YETI compensation for any and all damages, injury or harm pursuant to 15 U.S.C. § 1117 and Texas law;

I.       An Order directing Defendants to pay, jointly and severally, full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117;

J.       An Order awarding YETI treble damages resulting from Defendants' willful and intentional conduct pursuant to 15 U.S.C. § 1117 and under Texas law;

K.      An Order awarding YETI punitive and exemplary damages as permitted by Texas law;

L.      An Order awarding YETI pre-judgment interest; and

M.     An Order awarding YETI its reasonable costs and attorneys' fees pursuant to Texas law, and a Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117; and

N.      An Order awarding YETI any further relief this Court shall deem just and equitable.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, YETI requests a trial by jury for all issues so triable.

Respectfully submitted,

Dated: December 7, 2016       **ANDREWS KURTH KENYON LLP**
       Austin, Texas


/s/ David P. Whittlesey
David P. Whittlesey
Texas Bar No. 00791920
Leslie Ritchie Robnett
Texas Bar No. 24065986
111 Congress Avenue
Suite 1700
Austin, TX 78701
Tel.: 512.320.9330
Fax: 512.320.9292
Email: davidwhittlesey@andrewskurth.com
       leslierobnett@andrewskurth.com

Susan A. Smith*
1350 I Street, NW
Suite 1100
Washington, D.C. 20005
Tel.: 202.662.3041
Fax: 202.662.2739
Email: susansmith@andrewskurthkenyon.com

Jeremy S. Boczko*
One Broadway
New York, N.Y. 10004-1007
Tel.: 212.908.6331
Fax: 212.425.5288
Email: jboczko@andrewskurthkenyon.com

*to apply *pro hac vice*

*Attorneys for Plaintiff*
*YETI Coolers, LLC*